UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-80986-CIV-MARRA

POWER MEUS as personal representative of
the estate of Power Ed Meus, deceased, and
on behalf of Natural Father, Power Meus,
DELPHINE MEUS, JEAN NOEL, Mother,
WISLAINE MEUS, Wife, TASHA REDMOND,
as Natural Mother and Legal Guardian of SAH
VON MEUS, a minor child of Power Ed Meus,
deceased,

Plaintiffs,

vs.

THE GEO GROUP, formerly known as
WACKENHUT CORRECTIONS GROUP, et al.,

Defendants.
_____/

**OPINION AND ORDER**

This cause is before the Court upon Defendant The Geo Group, Inc.'s Amended Motion to Dismiss Plaintiffs' First Amended Complaint (DE 17); Defendant Florida Department of Management Services' Motion to Dismiss Plaintiffs' First Amended Complaint (DE 45 and 46); Defendant Florida Department of Corrections' Motion to Dismiss First Amended Complaint (DE 47); Defendant Sushma Parekh's Motion to Dismiss Plaintiffs' First Amended Complaint (DE 48)[1] and Defendant Geo Care, Inc.'s Motion to Dismiss First Amended Complaint (DE 61). The Court has carefully considered the motions and is otherwise fully advised in the premises.

---

[1] Defendants Tom C. Levins, John McCardel, Tracey Anderson, Elaine McGrory, Kathleen Livermore, Sandra Dunivent and Vicky Canter filed a Notice of Joinder in Defendant Sushma Parekh's Motion to Dismiss Plaintiffs' First Amended Complaint (DE 56 and 74.)

I. Background

This case arises out of the death of Power Ed Meus ("decedent") while in custody at Moore Haven Correctional Facility ("Moore Haven"). Plaintiff Power Meus brings this case as the personal representative of the Estate of Power Ed Meus and as his natural father. Delphine Meus Jean Noel brings this case as natural mother of decedent, Wislaine Meus brings this case as surviving spouse of decedent and Tasha Redmond brings this case as the natural mother and legal guardian on behalf of Sah Von Mues, the minor child of decedent. (First Am. Compl. ¶¶ 5-7, 25.) Specifically, Plaintiffs bring suit against the following individuals and entities: Geo Group, Inc. ("Geo Group") and Geo Care, Inc. ("Geo Care") the owners/operators of Moore Haven, the Florida Department of Corrections, the entity that delegated its custodial duties and contracted with the Geo Group and Geo Care, John McCardel, the health care services administrator for Moore Haven, Tom C. Levins, the warden/facility administrator for Moore Haven, Timothy Lovell, a correctional officer at Moore Haven, Sushma Parekh, a medical doctor at Moore Haven, Tracey Anderson, a licensed practical nurse at Moore Haven, Kathy Roberts, a licensed practical nurse at Moore Haven, Elaine McGrory, a licensed registered nurse at Moore Haven, Vicky Canter, a licensed registered nurse at Moore Haven and Sandra Dunivent, a licensed practical nurse at Moore Haven (collectively, "Defendants").[2]  (Id. at ¶¶ 8-19.) Count one of the First Amended Complaint is labeled "violation of civil rights - 42 U.S.C. § 1983" and count two is labeled "negligence resulting in wrongful death."

According to the allegations of the First Amended Complaint, decedent suffered from

---

[2] Defendant Kathleen Livermore appears in the case caption and throughout the allegations of fact, but is not listed as a defendant in the section of the First Amended Complaint listing Defendants. Upon amendment, Plaintiffs should remedy this apparent error.

severe asthma, which was well-known to Defendants. (Id. at ¶¶ 21, 27.) From March 19, 2007 until his death on April 19, 2007, decedent developed a severe and debilitating asthma condition resulting from the unwarranted withdrawal of steroid medication. Defendants acted with deliberate indifference to decedent's serious medical needs when they failed to provide necessary and appropriate steroid treatment for his asthma, resulting in his death. (Id. at ¶ 49.) Defendants the Geo Group, Geo Care, McCardel, Levins, Lovell, Roberts, McGrory, Canter, Livermore, Dunivent and Parekh, all knew of decedent's medical condition, but were deliberately indifferent to it. (Id. at ¶ 50.)

     Defendants Geo Group, Geo Care, Florida Department of Corrections, and the Florida Department of Management Services move to dismiss the First Amended Complaint. They contend the First Amended Complaint is unclear with respect to: (1) whether the individual plaintiffs are bringing claims pursuant to 42 U.S.C. § 1983 ("section 1983") on their own behalf, and if so, what constitutional right was allegedly violated; (2) whether the Estate, decedent's spouse, and minor child are seeking to assert claims to vindicate the decedent's rights or their own civil rights and (3) whether the minor child is bringing claims pursuant to both section 1983 and Florida's wrongful death statute. Defendants also move to dismiss on the basis that the decedent's parents cannot bring a section 1983 claim on their own behalf. In addition, Defendant Florida Department of Management Services contends that while it was named in the caption of the lawsuit, there are no allegations against it anywhere in the First Amended Complaint.

     Defendants Parekh, Levins, McCardel, Anderson, McGrory, Livermore, Dunivent and Canter join in the Geo Group's motion, but also move to dismiss based on Plaintiffs' alleged failure to sue these individual defendants within the two year statute of limitations for wrongful

3

death.

II.  Legal Standard

Rule 8(a) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claims" that "will give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." Fed. R. Civ. P. 8(a). The Supreme Court has held that "[w]hile a complaint attacked by a Rule 12(b) (6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quotations and citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.  Thus, "only a complaint that states a plausible claim for relief survives a motion to dismiss." Id. at 1950.  When considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

III. Discussion

After reviewing the First Amended Complaint, the Court agrees with Defendants that it lacks the necessary clarity to allow them to respond to it. Specifically, it is unclear which Plaintiffs are asserting section 1983 claims and upon whose behalf they are asserting them. The Court believes it would be helpful to highlight the controlling law in this area to assist Plaintiffs in properly amending the First Amended Complaint.

In Robertson v. Hecksel, the Eleventh Circuit addressed a section 1983 claim brought by a decedent's mother against the police officer and police department that she claimed were responsible for killing her adult child. Robertson v. Hecksel, 420 F.3d 1254, 1256 (11th Cir. 2005). The mother sought damages for loss of support, companionship, and past and future mental pain and suffering due to a deprivation of her Fourteenth Amendment right to a relationship with her child. Id. The Court held that a parent does not have a constitutional right of companionship with an adult child. Id. at 1259-60. The Court also addressed the applicability of state law pursuant to the borrowing provision of 42 U.S.C. § 1988. Id. at 1260-61. The Court rejected the plaintiff's application of section 1988 to a section 1983 claim for her constitutional rights, but noted that a plaintiff could seek a vindication of the decedent's constitutional rights under section 1983. Id. at 1261 citing Brazier v. Cherry, 293 F.2d 401 (5th Cir.1961)[3] and Carringer v. Rodgers, 331 F.3d 844 (11th Cir. 2003). The Court explained that when a section 1983 claim relies on the rights of the decedent, a plaintiff is essentially bringing a wrongful death

---

[3] The decisions of the United States Court of Appeals for the Fifth Circuit, as that court existed on September 30, 1981, handed down by that court prior to the close of business on that date, shall be binding as precedent in the Eleventh Circuit, for this court, the district courts, and the bankruptcy courts in the circuit. Bonner v. Pritchard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

suit under federal law. Id.; see also Brazier, 293 F.2d at 409 (Georgia's wrongful death statute is incorporated into federal law under section 1988).

In Continental National Bank v. Brill, 636 So. 2d 782 (Fla. Dist. Ct. App. 1994), the Third District Court of Appeal of Florida discussed Florida's wrongful death statute. In so doing, the Brill court observed:

> Under the Wrongful Death Act, the personal representative is the party who seeks recovery of all damages caused by the injury resulting in death for the benefit of the decedent's survivors and for the estate. The personal representative must bring a single action to recover damages for all beneficiaries. Damages are to be awarded to the survivors and to the estate in accordance with the parameters of recovery set by section 768.21.

Id. at 784. Those parameters permit recovery for (1) the estate; (2) the surviving spouse; (3) the minor children, and all children if there is no surviving spouse; (4) each parent of a deceased minor child and (5) each parent of an adult child if there are no other survivors. Florida Statutes § § 768.20-21.

Thus, those Plaintiffs having standing to sue under Florida's wrongful death law may bring claims for alleged violations of the decedent's constitutional rights. To the extent any of the Plaintiffs wish to bring a claim that their constitutional rights were violated by the death of the decedent, they must first identify what constitutional right was violated. See Debrosse v. Bradshaw, No. 09-80812-CIV, 2010 WL 773876, at * 4 (S.D. Fla. Mar. 5, 2010)

Although Plaintiffs' response to the motion states that the parents of the decedent are not alleging violations of their own constitutional rights (DE 18 at 13), that is not clear from the First Amended Complaint. Thus, Plaintiffs should amend to clarify it. Additionally, Plaintiffs' response to the motion states that the First Amended Complaint does not allege the decedent's

6

age, therefore decedent's parents may be able to bring claims on their own behalf (DE 18 at 10-11). Given that the First Amended Complaint must be amended, Plaintiffs should also clarify whether decedent was a minor child, given its significance to these claims. Indeed, if the decedent was not a minor, the parents of the decedent cannot bring claims on behalf of the decedent pursuant to section 1983 or state law wrongful death. Equally unclear is whether Tasha Redmond, the mother of decedent's minor child, seeks to bring claims on her own behalf or on behalf of the minor child, and if so, what claims.[4] The Court believes the best course of action is for the second amended complaint to identify each plaintiff, whether the claims brought by each plaintiff is for violations of the decedent's constitutional rights, or their own constitutional rights, or state law claims, and to identify the constitutional right that was allegedly violated.[4]

Next, the Court will address an issue raised by Florida Department of Management Services. Although this entity was named in the caption of the lawsuit and the opening paragraph of the First Amended Complaint, there are no allegations against it anywhere in the First Amended Complaint. Although Plaintiffs state that it refers to this entity as "Department of Corrections," this is unclear because there is another entity named "Florida Department of

---

[4] The Court notes that the response memorandum states that Ms. Redmond is not bringing any claims on her own behalf. (DE 18 at 9.)

[4] The Court has reviewed the caselaw relied upon by Plaintiffs in arguing that the parents of decedent are entitled to maintain an action for damages under section 1983. Those cases either pre-date Robertson or are from outside this jurisdiction. (DE 18 at 10-12.) Given that the Eleventh Circuit has noted that "[t]he right to wrongful death recovery under section 1983 has generated considerable debate amongst our sister circuits," cases outside this jurisdiction are of limited value. Carringer, 331 F.3d at 850 n.9. Lastly, Plaintiff's reliance on Niesen v. City of Clearwater, No. 8:08-cv-1599-T-30TBM, 2009 WL 1046122, (M.D. Fla. Apr. 20, 2009) is misplaced because that case only addressed the appropriate statute of limitations for section 1983 claims as opposed to legal remedies available for section 1983 claims.

Corrections." Therefore, the Court will give Plaintiffs leave to amend the Complaint to include allegations against this entity.

Finally, the Court turns to Defendant Parekh's argument, adopted by Defendants Levins, McCardel, Anderson, McGrory, Livermore, Dunivent and Canter that Plaintiffs' state law wrongful death claim must be dismissed because it is barred by the applicable statute of limitations. Plaintiffs filed their initial complaint in state court on April 17, 2009 asserting a wrongful death claim. Plaintiffs did not name any of the individually named Defendants in that complaint. (Initial Complaint, Ex. A, DE 1-1.) Plaintiffs then filed their First Amended Complaint on April 18, 2011,[5] which added the individual Defendants and asserted a civil rights claim pursuant to section 1983. (First Amended Complaint, DE 3.)

In Florida, the statute of limitations for wrongful death is two years. Florida Statute § 95.11(4)(d). "The accrual date for a wrongful death action is the date of death." Raie v. Cheminova, Inc., 336 F.3d 1278, 1280 (11th Cir. 2003) citing Fulton County Adm'r v. Sullivan, 753 So. 2d 549, 552 (Fla. 1999). Thus, with respect to the wrongful death claim against the individual Defendants, Plaintiffs needed to file the complaint before April 19, 2009. For that reason, the wrongful death claim against the individual Defendants is dismissed.

In response, Plaintiffs state that the wrongful death count is not a separate cause of action, but is intended to be a remedy for damages in the section 1983 claim and therefore is subject to section 1983's four-year statute of limitations. (DE 64 at 14-16.) Given that the First Amended Complaint has identified two counts, one of which references section 1983 and the other which

---

[5] Although the First Amended Complaint is not date-stamped by the state court, the certificate of service is dated April 18, 2011. In addition, the parties do not dispute that the First Amended Complaint was filed after April 19, 2009, more than two years after decedent died.

references wrongful death, a fair reading suggests Plaintiffs intended to bring two separate counts under two different legal theories. Moreover, as highlighted by the Court's discussion of Robertson, the remedy for section 1983 is already drawn from state wrongful death law.  See Robertson v. Hecksel, 420 F.3d at 1261; see also Brazier, 293 F.3d at 409 (Georgia's wrongful death statute is incorporated into federal law under section 1988).  In other words, there is no reason for Plaintiffs to bring a state wrongful death claim unless they wish to pursue that legal theory.  To the extent the wrongful death claim is brought against Defendants who were sued within the two year statute of limitations, it may proceed.

IV. Conclusion

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1) The Geo Group, Inc.'s Amended Motion to Dismiss Plaintiffs' First Amended Complaint (DE 17) is **GRANTED.**

2) Defendant Florida Department of Management Services' Motion to Dismiss Plaintiffs' First Amended Complaint (DE 45 and 46) is **GRANTED**.

3) Defendant Florida Department of Corrections' Motion to Dismiss First Amended Complaint (DE 47) is **GRANTED**.

4) Defendant Sushma Parekh's Motion to Dismiss Plaintiffs' First Amended Complaint (DE 48) is **GRANTED**.

5) Defendant Geo Care, Inc.'s Motion to Dismiss First Amended Complaint (DE 61) is **GRANTED**.

6) The wrongful death claim (count two) against the individuals defendants (Parekh, Levins, McCardel, Anderson, McGrory, Livermore, Dunivent and Canter) is

dismissed, but may proceed against the non-individual defendants.

7) Plaintiffs are granted leave to amend the Complaint as directed in this Order.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 9th day of January, 2011.

_____
KENNETH A. MARRA
United States District Judge

dismissed, but may proceed against the non-individual defendants.

7) Plaintiffs are granted leave to amend the Complaint as directed in this Order.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 9th day of January, 2011.

_____
KENNETH A. MARRA
United States District Judge